UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| THUNDER YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:22-CV-295-TAV-JEM |
| | ) |
| J. PHILLIPS and | ) |
| SULLIVAN COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner housed at the Sullivan County Detention Center, has filed a pro se civil rights action under 42 U.S.C. § 1983 against Defendants J. Phillips and the Sullivan County Jail [Doc. 1], and a motion for leave to proceed *in forma pauperis* in this cause [Doc. 4]. For the reasons set forth below, the Court will grant Plaintiff's motion and dismiss this case for failure to state a claim upon which § 1983 relief may be granted.

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion [Doc. 4] that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00),

until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk also will be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    ANALYSIS

### A.    Plaintiff's Allegations

On August 1, 2022, Plaintiff and his cellmate informed an officer at the Sullivan County Jail that they were in fear for their lives, and that officer refused to move them [Doc. 3 p. 1-2]. There was a shift change, and Corrections Officer ("CO") J. Phillips came on duty [*Id*. at 4]. CO Phillips released Jamie Auther, an inmate in cell 14, to take a shower [*Id*.]. Auther took a shower "and then came to cell 15 with a bag of his poop and piss and put it at the bottom of our door and stomped on it" [*Id*.]. Plaintiff and his cellmate remained in their cell for approximately fifteen to twenty minutes "covered" in Auther's urine and feces [*Id*.].

Plaintiff contends that the incident could have been prevented, and that he was informed that Auther should never have been released from his cell [*Id*.]. He contends that his rights were violated when he was contaminated by urine and feces, and he seeks

2

"justi[c]e and compensation" for the pain and suffering he experienced as a result of being treated poorly [*Id*. at 5].

### B. Screening Standards

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*,

3

556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

C.  **Analysis**

Plaintiff seeks to impose constitutional liability against Defendants Sullivan County Jail and J. Phillips because they allegedly failed to protect him from another inmate's actions. Although Plaintiff does not identify his exact custodial status, the Court assumes for PLRA screening purposes that Plaintiff was a pretrial detainee, rather than a convicted prisoner, at the time of the alleged attack. This distinction is relevant because the Eighth Amendment's guarantee against cruel and unusual punishment applies to convicted prisoners, while the Fourteenth Amendment's Due Process Clause guarantees the rights of pretrial detainees to be free from punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Liability attaches to an officer's failure to protect an inmate only where the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the prison officials acted with deliberate indifference to the inmate's safety. *Id*. at 834. Historically, detainee and prisoner claims analyzed the deliberate indifference standard "under the same rubric." *Villegas v. Metro Gov't of*

4

*Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), however, the Supreme Court eliminated the subjective intent element of a detainee's claim of deliberate indifference in the context of excessive force, holding that the relevant inquiry is whether the force used purposely used was objectively unreasonable. *Id.* at 576 U.S. at 397-98. Considering *Kingsley*, the Sixth Circuit later modified "the subjective prong of the deliberate-indifference test for pretrial detainees" to hold that a pretrial detainee can establish deliberate indifference by proving "more than negligence but less than subjective intent — something akin to reckless disregard." *Brawner v. Scott Cnty.*, 14 F.4th 585, 596-97 (6th Cir. 2021) (citing *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

More recently, the Sixth Circuit took "the position that a failure-to-protect claim by a pretrial detainee requires only an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly." *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 728 (6th Cir. 2022) (citing *Brawner*, 14 F.4th at 596). Specifically, liability attaches where the defendant officer "[1] act[ed] intentionally in a manner that [2] put[] the plaintiff at a substantial risk of harm, [3] without taking reasonable steps to abate that risk, and [4] by failing to do so actually cause[d] the plaintiff's injuries." *Stein v. Gunkel*, 43 F.4th 633 (6th Cir. 2022) (citing *Westmoreland*, 29 F.4th at 729).

With these standards in mind, the Court finds that Plaintiff's complaint to another officer on another shift about an unspecified fear is insufficient to allow the inference that CO Phillip demonstrated reckless disregard to "an unjustifiably high risk of harm" to

5

Plaintiff.  *See Brawner*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836).  Plaintiff and his cellmate were presumably locked in their cells at the time CO Phillips released Inmate Auther, and Plaintiff has not alleged any facts to indicate that Defendant Phillips should have appreciated any risk to Plaintiff when he released the offending inmate from a separate cell to shower.  Further, Plaintiff does not provide any facts that would indicate that Defendant Phillips knew or should have known that Auther was collecting human waste, or that Auther had any ill intent toward Plaintiff.  Additionally, Plaintiff complains that he remained in his cell for fifteen to twenty minutes after the incident, but he does not allege any facts indicating that Defendant Phillips failed to intervene once he knew or should have known of Plaintiff's condition.  In sum, Plaintiff does not allege any facts from which "a reasonable officer in the circumstances would have appreciated the high degree of risk involved and the obvious consequences" of Defendant Phillips' conduct.  *Westmoreland*, 29 F.4th at 730.  Therefore, the Court finds Plaintiff has failed to state a plausible failure-to-protect claim against Defendant Phillips.[1]

---

[1] Although the Court presumes, *arguendo*, that Plaintiff is a pretrial detainee, it otherwise notes that Plaintiff's claim would similarly fail under an Eighth Amendment standard, as the test for deliberate indifference applicable to pretrial detainees under the Fourteenth Amendment eliminates the subjective prong of deliberate indifference that a convicted prisoner must prove under the Eighth Amendment. *See Kingsley*, 576 U.S. at 391-92.  Therefore, a pretrial detainee's burden of proof is less onerous than the burden imposed on convicted prisoners under the Eighth Amendment, and the fact that Plaintiff's allegations fail to state a claim under the Fourteenth Amendment necessitates a determination that the allegations fail to state an Eighth Amendment claim, as well.  *See, e.g., Love v. Franklin Cnty., Ky.*, 376 F.Supp.3d 740, 745 (E.D. Ky. 2019) (finding "the Fourteenth Amendment affords pretrial detainees greater protections than those afforded to convicted prisoners by the Eighth Amendment. . . . The Eighth Amendment, with its focus on impermissible punishment, merely sets the baseline of treatment") (citations omitted).

The Court otherwise finds that Plaintiff cannot sustain this action against the Sullivan County Jail, as a jail is not a "person" subject to § 1983 liability. *See, e.g.*, *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Conversely, a county may be liable under § 1983 for injuries sustained as a result of an unconstitutional policy or custom. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Plaintiff does not identify any policy or custom of Sullivan County that caused the alleged assault against him, however, and he cannot sustain a claim against Sullivan County itself.

Finally, the Court finds that Plaintiff has not identified a physical injury as a result of the incidents giving rise to this suit, and the absence of such injury to Plaintiff prohibits him from recovering damages for mental or emotional injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Because Plaintiff has failed to plead facts that raise his entitlement to relief "above a speculative level," and this action will be dismissed for Plaintiff's failure to state a claim upon which § 1983 relief may be granted. *Twombly*, 550 U.S. at 570.

7

### III. CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2.  Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.  The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5.  Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE


8